RODRÍGUEZ, RECURRENTE, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura sobre ratificación de venta.

No. 240.—Resuelto en julio 14, 1915.

SOCIEDADES MERCANTILES—VENCIMIENTO DE PRÓRROGA DEL TÉRMINO CONVENIDO— DISOLUCIÓN—NUEVO CONTRATO SOCIAL.—Con arreglo al artículo 221 del Código de Comercio, el vencimiento de la prórroga del término del contrato social, es una de las causas por las cuales se disuelven totalmente las compañías mercantiles de cualquier clase que fueren, y cuando los socios quieren continuar en compañía, deberán celebrar un nuevo contrato sujeto a todas las formalidades prescritas para su establecimiento, según se previene en el artículo 119 del mismo Código.

ID.—CONSTITUCIÓN, PACTOS Y CONDICIONES—ESCRITURA SOCIAL—INSCRIPCIÓN EN EL REGISTRO MERCANTIL.—De acuerdo con el artículo 119 del Código de Comercio, toda compañía de comercio antes de dar principio a sus operaciones, deberá hacer constar su constitución, pactos y condiciones en escritura pública que se presentará para su inscripción en el registro mercantil, conforme a lo dispuesto en el artículo 17, quedando sujetas a las mismas formalidades con arreglo a lo dispuesto en el artículo 25, las escrituras adicionales que de cualquier manera modifiquen o alteren el contrato primitivo de la compañía, sin que los socios puedan hacer pactos reservados, pues todos deberán constar en la escritura social.

ID.—INFRACCIÓN DEL ARTÍCULO 223 DEL CÓDIGO DE COMERCIO—CONTRATOS CELEBRADOS CON PERSONAS EXTRAÑAS A LA COMPAÑÍA—RESPONSABILIDAD DE LOS SOCIOS.—La infracción de los artículos 119 y 223 del Código de Comercio no hace irresponsables a los encargados de la gestión social por los contratos celebrados con personas extrañas a la compañía, pues el artículo 120 del mismo Código preceptúa que los encargados de la gestión social que contravinieren a lo dispuesto en el artículo anterior (119), serán solidariamente responsables para con las personas extrañas a la compañía con quienes hubieren contratado en nombre de la misma.

ID.—EXISTENCIA LEGAL—CONTRATOS—TERCEROS.—Conforme con el anterior precepto, aun cuando una sociedad mercantil no haya tenido existencia legal, los actos y contratos que con tal carácter realicen los socios son eficaces contra los mismos en favor de los terceros con quienes han contratado.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel Paz Urdaz.*

El Registrador recurrido Sr. Felipe Cuchí Arnau compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de Utuado a 22 de marzo de 1915 por ante el Notario Eduardo Marín Marién, Ramiro Martínez y Santana, en su carácter de gestor de la sociedad mercantil R. Martínez & Co., ratificó la venta que por adjudicación en pago de deuda y por precio de $500 anteriormente recibidos, había hecho hacía algún tiempo a Manuel Rodríguez y Rodríguez de una finca rústica con cabida de 25 cuerdas de terreno, sita en el barrio de Viví Arriba del término municipal de la referida ciudad. Jaime Sureda en su carácter de socio comanditario de la expresada sociedad concurrió al otorgamiento de la escritura con el único objeto, según se expresa, de prestar su asentimiento y conformidad a la adjudicación hecha por el gestor Martínez, la cual consiente y ratifica.

Presentada en el Registro de la Propiedad de Arecibo copia de la escritura de referencia acompañada de la de constitución y prórroga de .la sociedad mercantil R. Martínez & Co. y de orden de la Corte de Distrito de los Estados Unidos para Puerto Rico, para cancelar cierta anotación relativa a la propiedad del quebrado Juan B. Frau y Frau y Compañía y permitir el registro de cualquier traspaso relativo a esa propiedad, el registrador denegó la inscripción por medio de nota que copiada a la letra dice así:

"Denegada inscripción de este documento por los motivos siguientes: *Primero:* que la mercantil R. Martínez y Compañía, en cuyo nombre comparece como gestor el socio Don Ramiro Martínez Santana, no existe, pues habiendo vencido el término de su constitución, prorrogado hasta el 31 de mayo de 1897, y sin nuevo contrato de prórroga o constitución, está prohibido a ningún socio comparecer a nombre de ella, artículo 223 del Código de Comercio. *Segundo:* y que ni aun como liquidador es lícito al antiguo gestor de una sociedad extinguida, comparecer ante notario para hacer nuevas operaciones con un tercero sin que sirva para desvirtuar el carácter de aquélla la alegación de una supuesta deuda, cuya existencia, origen ni montante se comprueban, artículo 228 del citado Código de Comercio; y siendo tales defectos insubsanables, de acuerdo con lo dispuesto en la sección 7ª. de la ley de 1º. de marzo de 1902, se tomó anotación

preventiva por término de ciento veinte días, a los efectos legales, al folio 184 vuelto del tomo 47 de Utuado, finca número 1783, anotación letra A. Arecibo 10 de junio 1915, Felipe Cuchí, registrador.''

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por el comprador Manuel Rodríguez y Rodríguez.

De las escrituras de constitución y prórroga de la sociedad R. Martínez & Co. resulta que esa sociedad se constituyó en 20 de junio de 1891 para comenzar a girar desde el día 1°. del mismo mes y por término de dos años a vencer en 31 de mayo de 1893, siendo socio gestor de la misma Ramiro Martínez con uso de la firma social R. Martínez & Co., y socio comanditario Jaime Sureda, y que en 27 de mayo de 1893 Ramiro Martínez y Jaime Sureda prorrogaron el término del contrato social por cuatro años más a vencer el 31 de mayo de 1897.

Como se ve, la escritura cuya inscripción ha sido denegada fué otorgada por Ramiro Martínez y Santana como gestor de la sociedad mercantil R. Martínez y Compañía cuando ya había vencido la prórroga del término convenida entre los socios. Es esa una de las causas por las que se disuelven totalmente las compañías mercantiles de cualquier clase que sean, con arreglo al artículo 221 del Código de Comercio.

No aparece que la mercantil expresada fuera prorrogada nuevamente, y para ese caso establece el artículo 223 del mismo Código que las compañías mercantiles no se entenderán prorrogadas por la voluntad tácita o presunta de los socios después que se hubiere cumplido el término por el cual fueron constituídas; y si los socios quieren continuar en compañía, celebrarán un nuevo contrato sujeto a todas las formalidades prescritas para su establecimiento, según se previene en el artículo 119.

Dicho artículo 119 ordena que toda compañía de comercio antes de dar principio a sus operaciones deberá hacer constar su constitución, pactos y condiciones en escritura pú-

blica que se presentará para su inscripción en el registro mercantil, conforme a lo dispuesto en el artículo 17, quedando sujetas a las mismas formalidades, con arreglo a lo dispuesto en el artículo 25, las escrituras adicionales que de cualquiera manera modifiquen o alteren el contrato primitivo de la compañía, sin que los socios puedan hacer pactos reservados, pues todos deberán constar en la escritura social.

Al resolver en junio 13, 1912, el caso de *San Miguel v. El Registrador de la Propiedad de San Juan*, Sección 1ª., 18 D. P. R., 515, dijimos que la infracción de los artículos 119 y 223 del Código de Comercio no hace irresponsables a los encargados de la gestión social por los contratos celebrados con personas extrañas a la compañía, pues el artículo 120 del mismo código preceptúa que los encargados de la gestión social que contravinieren a lo dispuesto en el artículo anterior (119) serán solidariamente responsables para con las personas extrañas a la compañía con quienes hubieren contratado en nombre de la misma.

Y añadimos entonces y repetimos ahora que conforme con el anterior precepto resolvió el Tribunal Supremo de España en sentencia de 6 de diciembre de 1887 que aun cuando una sociedad mercantil no haya tenido existencia legal, los actos y contratos que con tal carácter realicen los socios son eficaces contra los mismos en favor de los terceros con quienes han contratado.

Haciendo aplicación de la anterior doctrina, opinamos que la escritura de venta otorgada por Ramiro Martínez y Santana, como gestor de la sociedad mercantil R. Martínez & Compañía, a favor del recurrente Manuel Rodríguez y Rodríguez, es eficaz en favor de éste aunque dicha sociedad no tuviera existencia legal por haber vencido el término de su constitución y prórroga; y si no le reconociéramos esa eficacia, la infracción de los preceptos del Código de Comercio favorecería a la sociedad R. Martínez & Compañía y perjudicaría al tercero que contrató con ella.

El contrato de compraventa de que se trata es válido respecto del recurrente Manuel Rodríguez y Rodríguez, tercera persona extraña a la sociedad R. Martínez & Compañía.

Procede la revocación de la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.